[No. 27638. Department One. October 30, 1939.]

EMIL NYMAN, *Appellant*, v. LENA NYMAN, *Respondent*.[1]

*F. L. Morgan*, for appellant.

*W. A. Ackerman*, for respondent.

[1]Reported in 95 P. (2d) 375.

MAIN, J.—This is an appeal from an order allowing what is called "future alimony" to a divorced wife.

Emil Nyman and Lena Nyman were married in Finland on or about March 15, 1907; and, as a result of the marriage, one child was born, a daughter. During the early part of the year 1909, Mr. Nyman came to this country and found employment in the city of Aberdeen, where he has ever since resided. Mrs. Nyman and the daughter have continued to reside in Finland and have at no time come to this country, and Mrs. Nyman has continuously resided on a tract of land where the parties lived after their marriage.

In 1929, Mr. Nyman brought an action for divorce, and a default was entered against Mrs. Nyman. Paragraph 6 of the findings entered in the case describes the property then owned by Mr. Nyman in the city of Aberdeen and which was awarded to him as his sole and separate property. Paragraph 7 of the findings states that Mrs. Nyman

". . . is entitled to be awarded to her as her full share of any and all the property either real or personal now owned and possessed by the plaintiff, Emil Nyman, the sum of $750.00, . . ."

which was made a lien upon the real property set over to Mr. Nyman. Subsequently, there was paid on this award two hundred dollars. Nothing further has been paid, and no effort has been made to enforce the collection thereof.

December 6, 1937, Mrs. Nyman filed a petition in the original divorce action, taking the same number as that case, in which she asked that the divorce decree be altered and revised relative to alimony. After this petition was filed, the deposition of Mrs. Nyman was taken on written interrogatories, there being no cross-interrogatories filed. After a trial, the court entered an order which recited: "That Emil Nyman pay to his

former wife, Lena Nyman, as future alimony the sum of $25.00 per month . . . ." It is from this order that Mr. Nyman appeals.

The respondent opens her brief with two motions to dismiss the appeal, and in neither of them do we find substantial merit. They will both be denied without further comment.

The claimed right to file the petition was based upon § 2 of chapter 112 of the Laws of 1933, p. 433 (Rem. Rev. Stat. (Sup.), § 988-2 [P. C. § 7507b]). That section provides that all orders and judgments ". . . heretofore made and entered in divorce actions relative to alimony and support money may be modified, altered and revised by the court from time to time as circumstances may require."

In answer to the only interrogatory which made inquiry as to the need of the respondent, she answered:

"After 1912 when the last remittance was received from my husband all I have been able to earn by my own hands work has been used for education of our daughter Sigrid; and already before 1929 my health has been rather weak, so my earnings are very poor; on account of my age [fifty-three years] it is very difficult to find my living and considering the increased costs of living the outlook is still worse; I am totally short of any means."

It will be seen that nothing is stated with reference to the property that Mrs. Nyman owned at the time, if any, her living costs, and the amount of her earning capacity. This evidence was altogether too indefinite to support a money allowance for alimony.

In considering this case, we have assumed, without deciding, that the statute above referred to is constitutional.

Attention is further called to the fact that, in entering the order for future alimony, neither the prior interlocutory decree nor the final decree was vacated

or set aside. In accordance with the terms of the statute, judgments or orders relative to alimony and support money may be "modified, altered and revised" by the court from time to time as circumstances may require. The statute, in any event, not having been complied with, the order could not be sustained.

The order appealed from will be reversed, and the cause remanded with direction to the superior court to dismiss the petition.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.